The order below is hereby signed.

Signed: March 20, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                  )
                                       )
TUJUANA DENEEN HAWKINS,                )    Case No. 06-00057
                                       )    (Chapter 7)
           Debtor.                     )

ORDER DENYING MOTION TO EXTEND TIME TO FILE CREDIT
COUNSELING CERTIFICATE AND DIRECTING THE DEBTOR TO SHOW
<u>CAUSE WHY THE CASE OUGHT NOT BE DISMISSED WITHOUT PREJUDICE</u>

The court will deny the debtor's motion for an extension of time to file a certificate of credit counseling under 11 U.S.C. § 109(h)(1) and will direct the debtor to show cause why her case ought not be dismissed without prejudice.

I

As relevant here, the amendments to the Bankruptcy Code (11 U.S.C.) made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("the Act") apply to this case.[1] The Act added to the Bankruptcy Code a new provision, 11 U.S.C. § 109(h), which, with exceptions not shown to be of relevance here, provides that:

---

[1] This case was commenced after October 17, 2005, and the Act's provisions, with exceptions of no relevance, apply to cases commenced on or after October 17, 2005.

> an individual may not be a debtor under this title
> unless such individual has, during the 180-day period
> preceding the date of filing of the petition by such
> individual, received from an approved nonprofit budget
> and credit counseling agency described in section
> 111(a) an individual or group briefing . . . that
> outlined the opportunities for available credit
> counseling and assisted such individual in performing a
> related budget analysis.

This provision makes clear that the briefing must occur on a date prior to the filing of the debtor's petition.  Under 11 U.S.C. § 521(b), a debtor is required to file:

> (1) a certificate from the approved nonprofit
> budget and credit counseling agency that provided the
> debtor services under section 109(h) describing the
> services provided to the debtor; and
> (2) a copy of the debt repayment plan, if any,
> developed under section 109(h) through the approved
> nonprofit budget and credit counseling agency referred
> to in paragraph (1).

This court has adopted as part of its Local Bankruptcy Rules the Interim Rules promulgated to implement the provisions of the Act. Interim Rule 1007(b)(3) provides:

> (3) Unless the United States trustee has
> determined that the credit counseling requirement of
> § 109 does not apply in the district, **an individual debtor
> must file the certificate and debt repayment plan, if any,
> required by § 521(b), a certification under § 109(h)(3), or
> a request for a determination by the court under
> § 109(h)(4).**

[Emphasis added.]  In turn, Interim Rule 1007(c) provides in relevant part:

> (c) TIME LIMITS. . . .  **The documents required by
> subdivision (b)(3) shall be filed with the petition in
> a voluntary case. . . .**  Except as provided in
> § 1116(3) of the Code, any extension of time for the filing
> of the schedules, statements, and other documents may be
> granted only on motion for cause shown and on notice to the
> United States trustee and to any committee elected under
> § 705 or appointed under § 1102 of the Code, trustee,

2

examiner, or other party as the court may direct . . . .
[Emphasis added.]

II

The debtor has moved for an extension of time to file a certificate of credit counseling, explaining that:

> Prior to filing the petition, the Debtor, on the advice of counsel, contacted Consumer Credit Counseling Service ("CCCS"), which is on the U.S. Trustee's list of approved credit counselors, and scheduled what she believed to be a pre-bankruptcy counseling session. Ms. Hawkins attended that session on January 26, 2006, and received a confirmation letter, a copy of which is attached as Exhibit "A." Both counsel and the Debtor were under the impression that she had completed the appropriate session. In response to this Court's Order concerning deficient filing, the undersigned contacted CCCS, and requested a copy of the Debtor's Certificate. At that time, counsel was informed that Debtor had inadvertently signed up for a "regular" counseling session, not pre-bankruptcy counseling. CCCS advised the undersigned that Debtor could have her session converted to a pre-bankruptcy session and Debtor requested CCCS to do so immediately. On the morning of March 15, 2006, CCCS advised the Debtor that counsel was given misinformation, and her session could not be converted, and that she would have to sign up for a completely new session. Debtor has requested the first available session to complete the requirement and obtain a Certificate as soon as possible.

The court has no choice but to deny the requested extension. The debtor's motion makes clear that the counseling for which a certificate would be filed would take place postpetition. Section 109(h)(1) mandates that the counseling take place on a date prior to the filing of the petition. Accordingly, it would do no good to extend the time to file a certificate.

Moreover, the debtor is ineligible under § 109(h)(1) to be a debtor if she failed to obtain the required briefing on a date

3

prior to the filing of the petition,[2] and the debtor has not contended that the counseling she received prepetition met the requirements of the statute.[3]  The court will thus require the debtor to file a memorandum showing cause why the case ought not be dismissed without prejudice by March 28, 2006.

The court is sympathetic to the debtor's plight.  It seems senseless to require the debtor to incur the expense of filing a new case.  Moreover, although the debtor is ineligible to be a debtor, this case counts as a bankruptcy case for purposes of 11 U.S.C. § 362(c)(3)[4] because the eligibility requirement is not

---

[2] The debtor has not filed a certification under § 109(h)(3) or a request for a determination by the court under § 109(h)(4), and she concedes that § 109(h)(1) applies because approved nonprofit budget and credit counseling agencies are available for debtors in this district.

[3] The failure to file a certificate might not be a basis for dismissing the case if the debtor received the briefing contemplated by § 109(h)(1) on a date prior to the filing of the petition and the agency nevertheless refuses to issue a certificate.  However, the agency takes the position that it did not engage in the briefing contemplated by § 109(h), the debtor has not contested the agency's position, and litigating the issue might prove time consuming and expensive.  Nor has the debtor suggested that all interested parties have agreed to waive the eligibility requirement (which can be waived as not jurisdictional).  Given the United States Trustee's position in other cases involving § 109(h), such an agreement is unlikely to occur.

[4] Section 362(c)(3), a provision added by the Act, essentially provides that if an individual debtor files a case within one year after the dismissal of a prior case, the automatic stay of 11 U.S.C. § 362(a) expires on the 30th day after the filing of the new case unless the court, after notice and a hearing completed before the expiration of the 30-day period, extends the stay.

jurisdictional.[5] Accordingly, in a new case filed within one year after the dismissal of this case, § 362(c)(3) would result in the automatic stay of 11 U.S.C. § 362(a) expiring after 30 days unless the debtor were to take steps to have the court, after notice and a hearing completed before the expiration of the initial 30 days of the case, order that the automatic stay continue in place beyond the initial 30 days.  However, § 109(h)(1) is harsh, allowing the court no discretion to permit a debtor to become an eligible debtor via a postpetition budget and credit briefing, and leaves the court's hands tied.

It is thus

ORDERED that the debtor's Motion to Extend the Time to File Credit Counseling Certificate is DENIED.  It is further

ORDERED that by March 28, 2006, the debtor shall file a memorandum showing cause why this case ought not be dismissed without prejudice.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; chapter 7 trustee; Office of the United States Trustee.

---

[5] Indeed, 11 U.S.C. § 362(b)(21), a provision added by the Act, makes clear that, with only limited exceptions, an automatic stay under 11 U.S.C. § 362(a) arises in a case in which the debtor is not eligible to be a debtor.  Accordingly, the court cannot treat the case as a nullity.