The decision below is hereby signed.  Dated: April 20, 2006.

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
TUJUANA D. HAWKINS,                )   Case No. 06-00057
                                   )   (Chapter 7)
              Debtor.              )

### DECISION REGARDING DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE

On March 21, 2006, the court entered an order denying the debtor's request for a temporary exemption from the pre-petition date credit counseling requirement set forth in 11 U.S.C. § 109(h) (D.E. No. 12).  Based on the debtor's apparent failure to fulfill the requirement set forth in § 109(h), the court ordered the debtor to show cause why her case ought not be dismissed by March 28, 2006.  The debtor has filed a belated response to that order in which she asserts that certain "regular" credit counseling obtained by the debtor prior to the petition date satisfies the requirements of § 109(h), that she has now obtained and filed the credit counseling certificate

required by 11 U.S.C. § 521(b),[1] and that it would be manifestly unjust to dismiss her case given the circumstances of her case. The substance of the debtor's reply, as well as the court's further reflections on the nature and scope of the court's duty to ensure that the debtor has complied with § 109(h), lead this court to conclude that dismissal of the debtor's case is not appropriate at this time.

I

The first task for the court is to decide whether it can permit the parties in interest in this case to waive the § 109(h) credit counseling requirement or is instead required to determine whether the debtor is eligible for bankruptcy relief on its own initiative.  This issue turns on whether compliance with § 109(h) is a jurisdictional prerequisite as well as an "eligibility" requirement.  If § 109(h) is just an "eligibility" requirement, the court could conceivably permit the debtor's creditors, the chapter 7 trustee, and the United States Trustee to waive it, but if fulfillment of the requirement also determines whether the court can assert subject matter jurisdiction, the court has a <u>sua sponte</u> duty to determine whether the requirement has been met. <u>Doe by Fein v. District of Columbia</u>, 93 F.3d 861, 871 (D.C. Cir. 1996).

---

[1]  The certificate, however, reflected post-petition credit counseling.  Such counseling does not satisfy § 109(h).

This is not the first time that the court has had occasion to comment on the nature of one of the provisions of § 109.  In the case of <u>In re Hollberg</u>, 208 B.R. 755 (Bankr. D.D.C. 1997), this court was presented with the issue of whether dismissal of a debtor's case with prejudice under § 109(g) would prevent the automatic stay imposed by 11 U.S.C. § 362 from arising should the debtor file a new case notwithstanding the bar of § 109(g).  <u>Id.</u> at 755-56.  The court concluded that the automatic stay would not arise if a debtor ineligible for bankruptcy relief under § 109(g) filed a new bankruptcy petition because (1) the stay only arises upon the commencement of a case under title 11 and (2) a title 11 case cannot be commenced by a person ineligible to be a debtor under the plain language of 11 U.S.C. § 301.  <u>Id.</u> at 756.

The court explained the rationale for its decision as follows:

> In the case of § 301, "A voluntary case under a chapter of this title is <u>commenced</u> by the filing with the bankruptcy court of a petition under such chapter by <u>an entity that may be a debtor under such chapter</u>."
> [(]Emphasis added.[)] Sections 302 (joint

> cases) and 303 (involuntary cases)[2] impose the same requirement that for the case to be commenced, the debtor must be an entity that may be a debtor under the chapter under which the case is commenced.
>
> To determine whether an individual may be a debtor, you next turn to § 109 (entitled "Who may be a debtor"). . . . [Because] a § 109(g) dismissal . . . precludes a case from being commenced regarding the debtor during the 180 days following dismissal[,] . . . any document labeled "petition" that such a debtor files during the 180-day bar of a § 109(g) dismissal is not the filing of a petition as defined in [11 U.S.C.] § 101(42) and thus gives rise to no automatic stay under § 362(a).

Id. In other words, the court construed § 109(g) as operating as a jurisdictional bar to the filing of a petition to commence a

---

[2] Unlike §§ 301 and 302, § 303 provides that an involuntary bankruptcy petition may not be filed against a farmer. The Eighth and Fifth Circuits have held that this provision in § 303 is an affirmative defense that may be waived rather than a prerequisite to subject matter jurisdiction. See Marlar v. Williams (In re Marlar), 432 F.3d 813, 814-15 (8th Cir. 2005); McCloy v. Silverthorne (In re McCloy), 296 F.3d 370, 375 (5th Cir. 2002). These courts reason that § 303(h), which states that a court "shall order relief against the debtor . . . [i]f the petition is not timely controverted," implies that the debtor must raise the defense that she is a farmer or she will lose it. This court sees nothing in § 303(h) that necessarily leads to such a conclusion; rather, to this court's eye, the statute permits a court to enter the equivalent of a default judgment against the debtor with respect to the debtor's eligibility under § 303. Such an order would, like the entry of a default judgment, be immune from collateral attack on the basis of subject matter jurisdiction under the doctrine of res judicata, Ins. Co. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 654, 702 n.9 (1982), but it would also be vulnerable to attacks on the court's subject matter jurisdiction on direct appeal. Practical Concepts, Inc. v. Republic of Bolivia, 811 F.2d 1543, 1547-48 (D.C. Cir. 1987).

new bankruptcy case, which would therefore prevent the automatic stay from arising as a result of the filing of such a petition (as the petition would not be "a petition filed under section 301, 302, or 303 of this title" within the meaning of § 362(a)).

The court's opinion in Hollberg expressed what was then a minority opinion (though by no means an isolated one) with respect to § 109(g). See In re Ross, 338 B.R. 134, 135-139 (Bankr. N.D. Ga. 2006) (collecting and analyzing cases agreeing and disagreeing with the position taken by the court in Hollberg).[3]  Since the decision was announced, Congress has

---

[3]  E.g., compare Hamilton Creek Metro. Dist. v. Bondholders Colorado Bondshares (In re Hamilton Creek Metropolitan District), 143 F.3d 1381, 1385 n.2 (10th Cir. 1998) ("none of the § 109(c) criterial is jurisdictional in nature"); Promenade Nat'l Bank v. Phillips (In re Phillips), 844 F.2d 230, 235 n.2 (5th Cir. 1988) ("The Bank had argued that eligibility under § 109(g) raised an issue of subject matter jurisdiction.  We disagree."); Bank of America, N.T. & S.A. v. Communication & Studies Int'l, Ltd. (In re Bank of America, N.T. & S.A.), 23 B.R. 1015, 1020 (N.D. Ga. 1982) ("Section 109(a) is a rule of eligibility only."); and In re Estrella, 257 B.R. 114, 117 (Bankr. D.P.R. 2000) ("Section 109 of the Bankruptcy Code establishes the eligibility of a debtor to file a bankruptcy petition, but does not determine the jurisdiction of the bankruptcy court to act.") with McKay v. Alliance Mortgage Corp. (In re McKay), 268 B.R. 908, 911 (Bankr. W.D. Va. 2001) ("[A]n entity, ineligible under § 109(g), cannot commence a voluntary case under § 301 by filing a purported petition, nor can the entity avail itself of the protection provided by 11 U.S.C. § 362(a)"); Stoner v. LTV Corp. (In re Chateaugay Corp.), 153 B.R. 409, 412 (Bankr. S.D.N.Y. 1993) ("The parties filing an involuntary petition have the ultimate burden to establish that this Court has jurisdiction because the alleged debtor is an eligible debtor under the Code."); and In re Colo. Indus. Bank of Fort Collins, 84 B.R. 735, 737 (Bankr. D. Colo. 1988) ("The determination of the Court's jurisdiction over the debtor revolves around the construction of the highlighted language of Section 109(b)(2).").

altered § 362 to provide that the automatic stay does not arise with respect to an act to enforce a lien against or a security interest in real property "if the debtor is ineligible under section 109(g) to be a debtor in a case under this title."  11 U.S.C. § 362(b)(21)(A).

Because Congress singled out § 109(g) for exemption from the automatic stay only with respect to liens or security interests in real property, the court must infer that bankruptcy cases commenced in violation of the other sub-parts of § 109 or cases commenced in violation of § 109(g) that do not involve liens or security interests in real property give rise to the automatic stay.  Section 362(b)(21)(A) could therefore be read as suggesting that debtor "eligibility" is not a jurisdictional requirement at all.  See In re Ross, 338 B.R. at 138-39 ("If such a filing were void ab initio and did not result in an automatic stay under existing law, such an amendment would not have been necessary.").[4]  It is this latter extrapolation of § 362(b)(21)(A) that the court rejects today.

There are many reasons why Congress might have amended § 362

---

[4] As explained at greater length below, when an individual purports to commence a case pursuant to §§ 301, 302, or 303, the reviewing court necessarily has limited jurisdiction to determine whether it has subject matter jurisdiction over the merits of the case itself.  The mere filing of what purports to be a petition gives rise to the automatic stay under § 362(a) despite the bar of § 109 until the court concludes that it lacks subject matter jurisdiction and dismisses the case.

6

in the way that it did.  Congress may have focused on § 109(g) because courts were split with respect to the effect of that specific sub-part of the statute at the time of the congressional amendment.  In other words, it may be the case that § 109(g)--and only § 109(g)--was on Congress's mind when it revised § 362.  It is therefore no mystery why Congress would amend § 362 to refer to § 109(g) specifically rather than to § 109 as a whole.[5]

More importantly, there is nothing in § 362 as amended by Congress that contradicts directly the plain language of 28 U.S.C. § 1334 and § 301 of the Bankruptcy Code, which set forth

---

[5] There are other sub-parts of § 109 that arguably <u>should</u> give rise to the automatic stay even under this court's analysis in <u>Hollberg</u>.  Section 109(e) is the most obvious example.  That sub-section provides that an individual must have unsecured debts totaling less than $307,675.00 and secured debts totaling less than $922,975.00 to "be a debtor <u>under chapter 13 of this title</u>." (Emphasis added).  A debtor in chapter 7 is not subject to this restriction.  Consequently, a chapter 13 debtor with debts exceeding the § 109(e) cap could simply convert her case to chapter 7 (or have the case converted against her will, as the case may be), and still have a valid petition giving rise to the automatic stay.  See <u>Jones v. United States (In re Jones)</u>, 134 B.R. 274, 280-81 (N.D. Ill. 1991) ("Congress intended subject matter jurisdiction to attach when a case is filed under the umbrella of title 11 as opposed to when it is filed under a particular chapter within title 11").  Section 109 is not a "jurisdictional" statute in and of itself, but rather sets forth certain criteria for debtor eligibility that may determine whether a case over which a court has subject matter jurisdiction ever commences.  If a debt-limitation ineligible chapter 13 case can be converted to a proper chapter 7 case, there is necessarily a case pending under title 11 despite the erroneous chapter in which the case is pending.  It is therefore conceivable that ineligibility of a certain type might implicate the subject matter jurisdiction of a court whereas ineligibility of another type might not.

7

the statutory framework for the district court's jurisdiction over bankruptcy cases.  Section 1334 states that "the district courts shall have original and exclusive jurisdiction of all <u>cases under title 11</u>," 11 U.S.C. § 1334(a) (emphasis added), and "original but not exclusive jurisdiction of all civil proceedings arising <u>under title 11</u>, or arising in or related to <u>cases under title 11</u>."  <u>Id.</u> at § 1334(b) (emphasis added).

A title 11 case must commence for a court to assert jurisdiction under § 1334.  And, as noted above, § 301 of the Bankruptcy Code sets forth the only basis for commencing a case under title 11: "[a] voluntary case under a chapter of [title 11] is commenced by the filing with the bankruptcy court of a petition under such chapter <u>by an entity that may be a debtor under such chapter</u>."  11 U.S.C. § 301(a) (emphasis added).  With exceptions of no relevance here, an individual who fails to obtain pre-petition credit counseling of the kind described in § 109(h) "may not be a debtor under this title."  11 U.S.C. § 109(h)(1).  <u>Ergo</u>, a petition filed by an individual who has failed to obtain pre-petition credit counseling does not "commence[]" a title 11 case, which means that there is no case conferring subject matter jurisdiction on the district court or on the bankruptcy court through a referral of jurisdiction

8

pursuant to 28 U.S.C. § 157.[6]

The logic of this plain reading of the Bankruptcy Code and title 28 of the U.S. Code is inescapable. See Hartford Underwriters Ins. Co. v. Union Planters Bank (In re Hen House Interstate, Inc.), 530 U.S. 1, 6 (2000) ("Congress 'says in a statute what it means and means in a statute what it says there . . . .'") (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992)).  However unpalatable or impractical it might be,[7] the court cannot ignore the words in the statute before it to achieve a more desirable result, nor can it mangle the meaning of those words based on what it thinks § 362 might imply.

Indeed, as already noted, it is easy enough to interpret 11

---

[6] Section 157 allows the district courts to "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(a) (emphasis added).  The jurisdiction that the bankruptcy court exercises, therefore, is the jurisdiction of the district court.

[7] Numerous courts that have declared § 109 to be "non-jurisdictional" have mentioned the supposedly inequitable and impractical results that will obtain if debtor eligibility is treated as a prerequisite to subject matter jurisdiction.  See, e.g., In re Phillips, 844 F.2d at 235 n.2; In re Ross, 338 B.R. at 139-40.  These courts make very good arguments for why district and bankruptcy courts should be able to assert subject matter jurisdiction even when the purported debtor is ineligible under § 109, but they are irrelevant in deciding whether the court actually has jurisdiction in such circumstances under the Bankruptcy Code as it is currently written.  The court cannot simply will itself to have whatever jurisdiction it thinks is appropriate to carry out its functions; the source of its jurisdiction comes from Congress and from Congress alone.

U.S.C. § 362 in a manner that is consistent with the plain language of 28 U.S.C. § 1334 and 11 U.S.C. § 301.  Every federal court necessarily has the jurisdiction to determine whether it has subject matter jurisdiction over the case or controversy before it.  Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376 (1940).  Once the court makes a threshold determination that it lacks jurisdiction, it must dismiss the case before it at that point.[8]

Section 362(b)(21) must be read as implying that the automatic stay is in effect while the court makes this threshold determination of jurisdiction.  A petition by an ineligible debtor gives rise to a case in this limited sense and to an automatic stay until the case is dismissed.  In other words, § 362 must be read as giving rise to an automatic stay when a petition is asserted to be filed under §§ 301, 302, or 303.

This effectively overrules the court's precise holding in Hollberg, but it does not invalidate the point made in Hollberg that a case cannot commence on its merits unless the debtor is eligible for title 11 relief any more than a district court's ruling in a diversity case that the amount in dispute was not large enough to trigger diversity jurisdiction implies that the

---

[8] That is why, for purposes of 11 U.S.C. §§ 362(c)(3) and (c)(4), a prior case dismissed on § 109(h) grounds nevertheless ought to be treated as a prior case, particularly in light of the case having given rise to an automatic stay.

court really has subject matter jurisdiction over the case and the requirements for diversity jurisdiction are just "eligibility" requirements subject to waiver by the parties.

Indeed, one struggles in vain to ascertain from the likes of <u>Phillips</u> and <u>Ross</u> just what the difference <u>is</u> between an "eligibility" requirement and a "jurisdictional" requirement other than that it is supposedly less burdensome for those courts to deal with "eligibility" requirements.  Doubtless, many district courts would like to waive the "eligibility" requirements set forth in 28 U.S.C. § 1332 when a motion to dismiss for lack of jurisdiction is filed months or years into the adjudication of a diversity case as well.  But they are bound, just as this court is bound, to limit their assertion of jurisdiction to those matters allocated to them by Congress.

II

Having determined that the pre-petition credit counseling described in § 109(h) is a prerequisite to the court's assertion of subject matter jurisdiction, the court must now decide whether the debtor has satisfied her burden of demonstrating that she has received such counseling.  In making its decision, the court is mindful of the traditional deference accorded to parties who claim that a federal court has subject matter jurisdiction in a case.  Unless the claim is "wholly insubstantial," <u>Kudjodi v. Wells Fargo Bank</u>, 181 F. Supp. 2d 1, 2 (D.D.C. 2001) (internal

11

quotation omitted), the court will not dismiss the case before it for lack of subject matter jurisdiction.

Section 109(h) provides in pertinent part that

> an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of the filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).

Without question, the debtor obtained counseling prior to the petition date from "an approved nonprofit budget and credit counseling agency[.]" It is less clear, however, whether that agency "outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." Congress did not explain what it meant by "available credit counseling" and "a related budget analysis" in either the text or the legislative history of § 109(h), leaving the court to guess as to what must be addressed specifically in a credit counseling session for that session to count for purposes of § 109(h).

The debtor argues that the counseling she received from Consumer Credit Counseling Service ("CCCS") on January 26, 2006, outlined various credit counseling options and involved an

12

analysis of the debtor's budget. In support of her position, the debtor has submitted a letter from a CCCS counselor describing the services performed by the counselor in response to the conversation between the counselor and the debtor. According to the counselor's letter, he provided:

1. A **Personal Financial Summary** reviewing what [the debtor] earn[s] and where it goes[;]
2. A **Net Worth Analysis** displaying what [the debtor] own[s] and what [the debtor] owe[s;]
3. A **Debt Summary** displaying the individual creditors [the debtor] owe[s;]
4. A **Debt Analysis** displaying the benefits of repaying [the debtor's] debt through [CCCS'] program[; and]
5. An **Action Plan** highlighting [the counselor's] recommendations for [the debtor.]

(Debtor's Response at Ex. A) (emphasis in original).

Some of the services provided by CCCS would appear to fall within the rubric of "outlin[ing] the opportunities for available credit counseling" or "assist[ing] [the debtor] in performing a related budget analysis." Specifically, the CCCS counselor's "Debt Analysis" and "Action Plan" could be construed as outlining credit counseling alternatives, while the "Personal Financial Summary," "Net Worth Analysis," and "Debt Summary" all sound like components of a budget analysis to the court. Without more evidence, the court cannot dismiss the debtor's argument on this point out of hand.

It may well be the case that an evidentiary hearing on this

issue would reveal that the counseling provided by CCCS on January 26 does not in fact satisfy the requirements of § 109(h). But that is putting the cart before the horse. For purposes of this court's limited inquiry into the basis for its subject matter jurisdiction, the debtor need only make a colorable argument for her case to proceed.

Whatever the ultimate merits of the debtor's contention that she has received credit counseling for purposes of § 109(h) may be, her argument is not "so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the [bankruptcy] [c]ourt . . . ." Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974). For that reason, the court will not dismiss her case for lack of subject matter jurisdiction at this time. If a party in interest to this case wants to put the debtor's claim to the test, it can do so by filing a motion to dismiss the debtor's case.

### III

For the foregoing reasons, the court will discharge its prior order to show cause entered in this case. The debtor should not, however, misconstrue this decision as an adjudication of the ultimate merits of her claim. The only thing that the court has considered today is the nature and scope of its independent duty to investigate whether a debtor has received the

14

counseling described in § 109(h) for purposes of ascertaining whether the debtor has commenced a case over which the court may assert subject matter jurisdiction. The court's conclusion is that a debtor need only make a colorable claim that she has received such counseling for the court to assert jurisdiction. But if a party in interest were to file a motion to dismiss the debtor's case for failure to comply with § 109(h), the court would then need to decide as a factual and legal matter whether the debtor actually received such counseling.

Fortunately for the debtor, that issue is not before the court today. The debtor has presented a colorable claim that she received pre-petition credit counseling, and the court sees no need to pursue this matter further on its own initiative. The order to show cause will be discharged.

An order follows.

[Signed and dated above.]

Copies to: Debtor; debtor's counsel; chapter 7 trustee